UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

RAYMOND A. VEZINA,  )
    Plaintiff  )
   )
vs.  )
   )
DEPARTMENT OF THE ARMY  )
and THE SECRETARY OF THE ARMY  )
    Defendants  )

03-40280

## COMPLAINT

### Parties

1) The Plaintiff, RAYMOND A. VEZINA, is retired as Adjutant General of the Army and Air National Guard of Massachusetts. He is a resident of North Grafton, Worcester County, Massachusetts and a citizen of the United States.

2) The Defendant, THE DEPARTMENT OF THE ARMY is a duly constituted agency of the United States of America.

3) The Defendant, THE SECRETARY OF THE ARMY, is the agency head of the Department of the Army and acts on behalf of the Department of the Army.

### Jurisdiction

4) This court has jurisdiction over this matter pursuant to 28 U.S.C. §1332

5) Plaintiff is a citizen of the Commonwealth of Massachusetts. Defendant is a agency of the United States, and the amount in controversy exceeds the sum of $50,000.00, exclusive of interest and costs.

## Facts

6) On or about November 19, 1993 Raymond A. Vezina was appointed Adjutant General of the Massachusetts National Guard with the statutory grade of Major General by then Governor William F. Weld of Massachusetts.

7) On or about October 5, 1994 Congress Passed Reserve Officer Personnel Management Act (ROPMA) effective October 1, 1996 codified in 10 U.S.C. 14311.

8) On or about December of 1994, Under Secretary of Defense Lister issued a policy letter directing that General Officers appointed under the provisions of ROPMA and awaiting confirmation would be treated as though they had been appointed under the provisions of ROPMA.

9) On or about December of 1993 Raymond A. Vezina's name was placed on the Senate Confirmation list for promotion as a reserve General Officer of the United States Army and as General Officer of the Army National Guard of the United States.

10) Subsequent to the placing of Raymond A. Vezina's name on the Senate Confirmation list an allegation was made to the Department of the Army Office of the Inspector General that Raymond A. Vezina had engaged in various acts of wrongdoing.

11) On or about June, 1995, as a result of said allegations, Raymond A. Vezina's name was removed from the Senate Confirmation list pending the outcome of the Department of the Army Inspector General's investigation. No written notification of the removal and no written explanation detailing the allegations causing the removal from the Senate Confirmation list has been given to the Plaintiff.

12) Upon learning of the removal of his name from the Senate Confirmation list by telephone on or about June, 1995, Raymond A. Vezina requested that his name be reinstated to the list. Despite the requirement in ROPMA that a candidates name be reinstated to the Senate Confirmation list with 18 months of removal, unless there is Court action, the Plaintiff's name has not been reinstated from that time to the filing of this action.

13) On July 23, 1999 Raymond A. Vezina applied to the Army Board for Correction of Military Records in an effort to have his name restored to the Senate Confirmation list.

14) The Army Board for Corrections of Military Records has failed to act pursuant to Raymond A. Vezina's application.

15) Raymond A. Vezina has exhausted all administrative remedies available to him to have his name returned to the Senate Confirmation list for promotion as a Reserve General Officer of the United States Army and as a General Officer of the Army National Guard of the United States.

16) Over 7 years have elapsed since Raymond A. Vezina's name was removed from the Senate Confirmation list for promotion as a reserve General Officer of the United States Army and as a General Officer of the Army National Guard of the United States.

COUNT I    VIOLATION OF THE PROVISIONS OF ROPMA

17) The Plaintiff incorporates and realleges the allegations of paragraphs 1 through 16.

18) By failing to restore Raymond A. Vezina's name to the Senate Confirmation list after a period of 18 months had elapsed from the time of removal in the absence of criminal charges being preferred or civilian criminal complaint being issued, the Department of the Army violated the provisions of ROPMA which statute confers a direct benefit on Raymond A. Vezina.

COUNT II    VIOLATION OF AN AGENCY OR DPARTMENT DIRECTIVE

19) The Plaintiff incorporates and realleges the allegations of paragraphs 1 through 18.

20) By failing to restore Raymond A. Vezina's name to the Senate Confirmation list after a period of 18 months had elapsed from the time of removal in the absence of criminal charges being preferred or civilian criminal complaint being issued, the Department of the Army violated the directive issued by the Undersecretary of Defense directing the Department of the Army to treat

those officers appointed under the provisions of ROPMA as if they had been appointed under the provisions of ROPMA, which directive confers a direct benefit upon Raymond A. Vezina.

WHEREFORE, the Plaintiff, Raymond A. Vezina, requests that this Court issue an order instructing the Secretary of the Army to restore his name to the Senate General Officer Confirmation list, and that if promoted that Raymond A. Vezina receive retroactive pay from the date when the Plaintiff, pursuant to ROPMA, should have been promoted, and for the costs of the suit; and for such other and further relief as the Court deems just and proper in the premises.

> Raymond A. Vezina
> Plaintiff,
> By his Attorney,
>
> /s/ Neil J Berman
> Neil J Berman
> Berman & Shapiro
> 109 College Avenue
> Somerville, MA   02144
> (617) 628-1563
> BBO #556-784

Date: 12-12-03

**JS 44** (Rev. 3/99)

# CIVIL COVER SHEET

03-40280

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Vezina, Raymond A.

## DEFENDANTS

Department of the Army
The Secretary of the Army

FILED IN CLERKS OFFICE
2003 DEC 15 P 12: 48
U.S. DISTRICT COURT
DISTRICT OF MASS.

**(b)** County of Residence of First Listed Plaintiff: Worcester
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Neil J. Berman   (617)628-1563
109 College Avenue
Somerville  MA  02144

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [x] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | [x] 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 550 Civil Rights / ☐ 555 Prison Condition | | ☐ 871 IRS—Third Party 26 USC 7609 | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

10 U.S.C. 14311 (R.O.P.M.A.) Failure to promote the Plaintiff

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE _____    DOCKET NUMBER _____

DATE: 12-12-2003

SIGNATURE OF ATTORNEY OF RECORD: Neil J. Berman

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) _Raymond A. Vezina v. Department of the Army and the Secretary of the Army_

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   — I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   X II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.    *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   — III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   — IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   — V. 150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   _None_

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☒
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☒   NO ☐

   1. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☐   Central Division ☒   Western Division ☐

   2. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME _Neil J. Berman_
ADDRESS _109 College Avenue_
TELEPHONE NO. _Somerville MA 02144_

(Coversheetlocal[1].wpd - 10/17/02)