UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

RAYMOND A. VEZINA,

Plaintiff,

Case Number 03-40280-NMG

v.

DEPARTMENT OF THE ARMY,
ET AL,

Defendants.

## DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Defendants, Department of the Army and Secretary of the Army, hereby submit this

memorandum in support of their motion to dismiss plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(1)

for lack of subject matter jurisdiction.[1]

### I.     INTRODUCTION

This suit is a challenge to defendants' refusal to recommend plaintiff for promotion to general

officer in the United States Army Reserves. The plaintiff demands the Court correct his records to

retroactively place his name on a list of officers approved for promotion by the Senate, order payment

of back pay for promotion to the higher rank, and award litigation costs and other appropriate relief.

Compl. at 4. The primary purpose of plaintiff's complaint is to obtain money from the United States in

the form of back pay as well as increased future retirement pay for promotion to general officer rank.

The United States has waived sovereign immunity to such a suit only in the United States Court of

---

[1] Should the Court deny defendants' instant motion and retain jurisdiction over plaintiff's
complaint, defendant hereby reserves the right to file an answer and any additional motions to dismiss
pursuant to Fed. R. Civ. P. 12(b)(6) or for summary judgment pursuant to Fed. R. Civ. P. 56, as
appropriate.

Federal Claims under the Tucker Act. This Court therefore lacks subject matter jurisdiction over plaintiff's complaint and should dismiss this case in its entirety.

## II.   FACTS

Plaintiff is a retired officer. Compl. ¶ 1. Plaintiff was promoted to Colonel in the National Guard on May 1, 1990. Def. Ex. 1 (NGB Form 22).[2] In 1993, the governor of Massachusetts appointed him Adjutant General of Massachusetts.[3] Compl., ¶ 6. As the Adjutant General, plaintiff served in the rank of Major General.[4] Compl. ¶ 6.

Plaintiff retired from military service on July 23, 1999, with the rank of Colonel, pay grade O-6, with over 37 years of total service for pay and retired pay. Def. Ex. 1 (NGB Form 22). The difference in base pay of a Colonel and the base pay of a Brigadier General (pay grade O-7), in 2004, for an officer with more than 26 years of service, is $ 1148.10 per month. Def. Ex. 2 (2004 Military Pay Table).

---

[2]    Defendants' Motion to Dismiss raises the defense of lack of subject matter jurisdiction under Rule 12(b)(1). Such a motion goes to the very power of the Court to hear the case and in considering such a motion, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Mortenson v. First Federal Savings and Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). Therefore, material outside the pleadings may be considered without converting the motion into one for summary judgment. Dynamic Image Technologies, Inc. v. United States, 221 F.3d 34, 37-38 (1st Cir. 2000).

[3] Title 10 U.S.C § 314(a) provides, "There shall be an adjutant general in each State and Territory, Puerto Rico, and the District of Columbia. He shall perform the duties prescribed by the laws of that jurisdiction."

[4]    In accordance with Massachusetts law, the adjutant general serves in the grade of major general. Mass. Gen. Laws, ch. 33, § 15(a). In this position he is paid in accordance with his corresponding grade and years of service attained while serving in the National Guard. Id., § 15(b).

In June 1995, plaintiff learned he was no longer being considered for promotion to general officer. Compl. ¶ 12. Plaintiff sought, but did not receive, relief from the Army Board for Correction of Military Records ("ABCMR") in 1999. Compl. ¶¶ 13-14. Plaintiff filed the instant suit on December 17, 2003.

## III.   ARGUMENT

Federal courts are courts of limited subject matter jurisdiction, and as such only have the power to hear a case if that power is granted by the Constitution and authorized by statute. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994); Feliciano v. Rullan, 303 F.3d 1, 6 (1st Cir. 2002). The presumption is that a cause of action lies outside of this limited jurisdiction. Id.

As courts of limited jurisdiction, federal courts must determine whether jurisdiction exists before examining the merits of a case. The plaintiff has the burden to establish federal subject matter jurisdiction over his claims. Barrett v. Lombardi, 239 F.3d 23, 30 (1st Cir. 2001). On a motion to dismiss for lack of subject matter jurisdiction, "the party invoking the jurisdiction of a federal court carries the burden of proving its existence." Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995)(internal quotations and citations omitted).

In a Rule 12(b)(1) challenge, the court must accept as true all well-pleaded factual allegations and construe them favorably to the pleader. See, e.g., K.W. Thompson Tool Co. v. United States, 836 F.2d 721, 726 (1st Cir. 1988). However, plaintiff may not rest merely on "unsupported conclusions or interpretations of law." Washington Legal Found. v. Massachusetts Bar Found., 993 F.2d 962, 971 (1st Cir. 1993). Subjective characterizations or conclusory descriptions of a general scenario which could be dominated by unpleaded facts will not defeat a motion to dismiss. Coyne v.

3

City of Somerville, 972 F.2d 440, 444 (1st Cir. 1992).  Dismissal is proper if it appears beyond doubt

that the plaintiff cannot prove any set of facts consistent with the pleadings that would entitle him to the

relief requested.  Conley v. Gibson, 355 U.S. 41, 45-46 (1947).

A.    **Plaintiff Fails to Plead a Proper Jurisdictional Basis for His Claims.**

Plaintiff's asserted jurisdictional ground, diversity of citizenship, is improper.  Compl. ¶ 1.  The

statute cited, 28 U.S.C. § 1332, only grants federal jurisdiction:

> where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of
> interest and costs, and is between--
> (1) Citizens of different States;
> (2) citizens of a State and citizens or subjects of a foreign state;
> (3) citizens of different States and in which citizens or subjects of a foreign state are
> additional parties; and
> (4) a foreign state, defined in section 1603(a) of this title [28 USCS § 1603(a)], as
> plaintiff and citizens of a State or of different States.

Even if plaintiff amended his complaint to plead the proper jurisdictional amount, the diversity statute

does not provide a basis of jurisdiction for a suit against the United States, or its agencies.

Consequently, plaintiff cannot rely on this statute to invoke the court's jurisdiction.

Moreover, when a suit against the Secretary of the Army seeks a money judgment, "it is, in

substance a suit against the United States which can be maintained only if Congress has enacted a

statute waiving sovereign immunity."  Sibley v. Ball, 924 F.2d 25, 28 (1st Cir. 1991).  Plaintiff has not

pled or proven a waiver of sovereign immunity such that this court has jurisdiction and his claim should

therefore be dismissed.

4

**B.    Exclusive Jurisdiction Over This Case Lies in the Court of Federal Claims Under the Tucker Act Because the Prime Objective of Plaintiff's Suit is to Obtain Back Pay in Excess of $10,000.**

Through the Tucker Act, Congress has vested exclusive jurisdiction in the Court of Federal Claims for non-tort actions seeking monetary damages from the United States in excess of $10,000. 28 U.S.C. §§ 1346(a)(2), 1491(a)(1); United States v. Testan, 424 U.S. 392, 398 (1976). Plaintiff alleges the amount of back pay he anticipates recovering for promotion to general officer exceeds $50,000.00.[5] Compl. ¶ 5. Under these circumstances, subject matter jurisdiction over plaintiff's complaint lies in the Court of Federal Claims, not in this Court, because the United States Government has not waived sovereign immunity for plaintiff's non-tort monetary claim exceeding $10,000, except in the Court of Federal Claims. See Smith v. Orr, 855 F.2d 1544,1552-53 (Fed. Cir. 1988).

When a claim to military back pay exceeds $10,000, even if accompanied by requests for amendment of records, the exclusive forum is the Court of Federal Claims. Sibley v. Ball, 924 F.2d 25, 29 (1st Cir. 1991)(military officers complaint for declaratory judgment and back pay was governed exclusively by the Tucker Act). Accord, Wronke v. Marsh, 787 F.2d 1569, 1577 (Fed. Cir. 1986)(holding on appeal transferred from United States Court of Appeals for the Seventh Circuit that district court's jurisdiction over military back pay claim was proper only under the Little Tucker Act); Wronke v. Marsh, 767 F.2d 354, 355 (7th Cir. 1985)(claims for military back pay governed by Tucker Act); Leveris v. England, 249 F. Supp. 2d 1 (D. Maine, 2003)(claim for reinstatement and

---

[5] Retroactive payment of military and retired pay certainly exceeds $10,000. The monthly pay differential between O-6 and O-7/O-8 pay is substantial. See Def. Ex. 2 (2004 Military Pay Table). Plaintiff appears to seek at least 7 years of back pay. Comp. ¶ 16.

back pay governed by Tucker Act).

Because 28 U.S.C. §§ 1346(a)(2) and 1491(a)(1) vest exclusive jurisdiction over this case in the Court of Federal Claims, this Court should dismiss plaintiff's complaint under Federal Rule of Civil Procedure 12(b)( 1).[6]

**C.    The Administrative Procedures Act Does Not Confer Jurisdiction in this Case Because Plaintiff Seeks Back Pay.**

The waiver of sovereign immunity provided by the Administrative Procedures Act (APA), 5 U.S.C. § 701 et seq., does not apply in this case. It is a well recognized principle that, "only an express waiver of sovereign immunity will give a court jurisdiction to hear a claim against the United States." E.g., Sarit v. United States Drug Enforcement Admin., 987 F.2d 10, 16 (1st Cir. 1993). The terms of its consent to be sued "define that court's jurisdiction to entertain that suit." United States v. Dalm, 494 U.S. 596, 608 (1990). Further, "a waiver of sovereign immunity is to be strictly construed, in terms of its scope, in favor of the sovereign." Department of the Army v. Blue Fox, Inc., 525 U.S. 255, 261 (1999). See also, Lane v. Pena, 518 U.S. 187, 192 (1996) (citing cases).

While the APA does permit judicial review of final federal agency decisions, it does so only for claims seeking "relief other than money damages," 5 U.S.C. § 702, and for which there is "no other

---

[6]    It is not in the interest of justice to transfer this case to the Court of Federal Claims pursuant to 28 U.S.C. §1631. The six-year statute of limitations governing suits brought in the Court of Federal Claims, 28 U.S.C. § 2501, expired before this action was filed. As with all claims brought pursuant to the Tucker Act, a cause of action accrues when all events fixing the government's liability have occurred and plaintiff knew or should have been aware of their existence. Hopland Band of Pomo Indians v. United States, 855 F.2d 1573, 1576-77 (Fed. Cir. 1988). Plaintiff knew he was no longer being considered for promotion in June 1995. Compl.¶ 12. Resort to a correction board neither tolls the running of the statute, nor does an adverse decision by a board create a new period of limitations. Martinez v. United States, 333 F.3d 1295 (Fed. Cir., 2003), cert. denied, 124 S.Ct. 1404 (2004). Consequently, plaintiff's claim is barred.

6

adequate remedy in a court." Id. § 704. The APA is a statute of last resort, and where Tucker Act

jurisdiction exists, the APA may not serve as an alternate basis of jurisdiction. See e.g., Mitchell v.

United States, 930 F.2d 893, 895-97 (Fed. Cir. 1991)(APA's waiver of sovereign immunity

inapplicable to former servicemember's claim for back pay and military records corrections because

such a claim is for money damages cognizable in the Court of Federal Claims).

    1. Plaintiff's Claim Is One For Money Damages

Whether plaintiff may invoke the APA's waiver of sovereign immunity turns first on the question

of whether he seeks money damages from the federal government. 5 U.S.C. § 702; Sibley v. Ball,

924, F.2d 25, 28-29 (1st Cir. 1991)("The Administrative Procedure Act . . . is at pains to exclude suits

seeking money judgements."). Claims for military back pay and retirement pay are properly construed

as claims for "money damages" and are a staple crop of Court of Federal Claims jurisprudence. See

e.g., Holley v. United States, 124 F.3d 1462, 1465 (Fed. Cir.1997)("It is well established that 37

U.S.C. § 204 ('Pay and Allowances of the Uniformed Services') serves as the money-mandating

statute applicable to military personnel claiming damages and ancillary relief for wrongful discharge.");

Ward v. Brown, 22 F.3d 516, 520 (2nd Cir. 1994)("Back pay, as a claim for money damages, falls

outside the scope of the APA."); Hubbard v. EPA, 982 F.2d 531, 532 (D.C. Cir. 1992)("The *en*

*banc* court now finds that Hubbard may not receive back pay because Congress has not expressed an

unequivocal intent to waive sovereign immunity for such relief."); Haskins, 51 Fed. Cl. at 824 (disability

retired pay statutes are money-mandating).

Military pay claims cognizable under the Tucker Act are not limited to base pay, but

encompass other pay entitlements and allowances as well.  See Groves v. United States, 47 F.3d

1140, 1144 (Fed. Cir. 1995)(special duty pay); Voge v. United States, 844 F.2d 776, 779-80 (Fed.

Cir. 1988)(same); Schmidt v. United States, 427 F.2d 720, 721 (Ct. Cl. 1970)(unpaid leave).  As the

United States Court of Appeals for the Federal Circuit found in Mitchell, back pay cases clearly fall

under the Tucker Act.  Mitchell, 930 F.2d at 896.

### 2. The Court of Federal Claims Provides Another Adequate Remedy

Judicial review under the APA is clearly barred where there exists some "other adequate

remedy in a court." 5 U.S.C. § 704.  A Tucker Act claim is just such an adequate remedy.  See e.g.,

Bowen v. Massachusetts, 487 U.S. 879, 901 n.31 (1988)("Suits under the Tucker Act in the Claims

Court offer precisely the sort of 'special and adequate review procedures' that § 704 requires to direct

litigation away from the district courts."); Chabal v. Reagan, 822 F.2d 349, 353 (3rd Cir. 1987);

International Engineering Co., Inc. v. Richardson, 512 F.2d 573, 581 (D.C. Cir. 1975), cert. denied,

423 U.S. 1048 (1976); Alabama Rural Fire Ins. Co. v. Naylor, 530 F.2d 1221, 1230 (5th Cir. 1976).

The United States Court of Federal Claims and the United States Court of Appeals for the Federal

Circuit have "extensive experience reviewing decisions of corrections boards in military pay cases."

Mitchell, 930 F.2d at 896.  The only proper waiver of sovereign immunity in this case is the Tucker

Act.  28 U.S.C. § 1491.  As such, the Court should dismiss plaintiff's complaint for want of subject

matter jurisdiction.

8

## IV. CONCLUSION

For the reasons stated herein, this Court should grant defendants' motion and dismiss plaintiff's complaint in its entirety.

Respectfully submitted,

MICHAEL J. SULLIVAN
UNITED STATES ATTORNEY

By: _Jeremy M. Sternberg_
Jeremy M. Sternberg
Assistant United States Attorney
U.S. Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
Tel: (617) 748-3142


Of Counsel:
Lieutenant Colonel Vanessa Crockford
Major Susan Burger
United States Army
Army Litigation Division
901 North Stuart Street, Suite 400
Arlington, Virginia 22203-1837
(703) 696-1628


### Certificate of Service

I hereby certify that a copy of the above was sent by U.S. mail on this 15th day of April, 2004 to Neil Berman, Berman & Shapiro, 109 College Avenue, Somerville, MA 02144.


_Jeremy M. Sternberg_
Jeremy M. Sternberg
Assistant U.S. Attorney

9



APR. -09' 04 (FRI) 09:52          TEL:61794405002516          P. 002

# DEPARTMENT OF THE ARMY AND THE AIR FORCE
## NATIONAL GUARD BUREAU
# REPORT OF SEPARATION AND RECORD OF SERVICE

FOR USE OF THIS FORM, SEE NGR (AR) 600-200. THE PROPONENT AGENCY IS NGB-ARP-PE)

| REPORT OF SEPARATION AND RECORD OF SERVICE IN THE [1] ARMY | NATIONAL GUARD OF MASSACHUSETTS | AND AS A RESERVE OF [2] .......... |
|---|---|---|

**1. Insert either Army or Air**     **2. Enlisted personnel only - Insert Army or Air Force**

| 1. LAST NAME-FIRST NAME-MIDDLE NAME | 2. DEPARTMENT, COMPONENT AND BRANCH | 3. SOCIAL SECURITY NUMBER |
|---|---|---|
| VEZINA, RAYMOND ALBERT | ARNGUS / MAARNG - (OD) | 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 |

| 4. DATE OF ENL/APPT | | | 5a. RANK | 5b. PAY GRADE | 6. DATE OF RANK | | | | 7. DATE OF BIRTH | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| YR | MO | DA | | | | YR | MO | DA | YR | MO | DA |
| 68 | 07 | 10 | COL | O-6 | | 90 | 05 | 01 | 39 | 06 | 01 |

| 8a. STATION OR INSTALLATION AT WHICH EFFECTED | | | 8b. EFFECTIVE DATE | YR | MO | DA |
|---|---|---|---|---|---|---|
| HQ STARC MAARNG (W8A8AA) 50 MAPLE STREET MILFORD, MA 01757-3804 | | | | 98 | 07 | 23 |

| 9. COMMAND TO WHICH TRANSFERRED | 10. RECORD OF SERVICE | YRS | MOS | DAYS |
|---|---|---|---|---|
| THE RETIRED RESERVE | (a) NET SERVICE THIS PERIOD | 33 | 00 | 14 |
| AR-PERSCOM | (b) PRIOR RESERVE COMPONENT SERVICE | 04 | 10 | 16 |
| 1 RESERVE WAY | (c) PRIOR ACTIVE FEDERAL SERVICE | 00 | 00 | 00 |
| ST LOUIS MO        63132-5200 | (d) TOTAL SERVICE FOR PAY | 37 | 11 | 00 |

| 11. TERMINAL DATE OF RESERVE/MILITARY SERVICE | YR | MO | DA | (e) TOTAL SERVICE FOR RETIRED PAY | 37 | 11 | 00 |
|---|---|---|---|---|---|---|---|
| | NA | NA | NA | | | | |

**12. MILITARY EDUCATION** *(Course Title, number of weeks, month and year completed)*

CIVIL DEF MGT, 5 DYS, MAY 69/ORD-OBC, CORR, JAN 70/RAD MON INSTR, 5 DYS, 70/ORD OAC, CORR 70/DISCOM CRS, 2 WKS, DEC 71/INTRO SUPV CRS, 1 WK, MAY 73/CBR OFF/NCO CRS, 2 WKS, DEC 73/SEE ITEM 18

**13. PRIMARY SPECIALTY NUMBER, TITLE AND DATE AWARDED** *(Additional specialty numbers and titles)*

81A ORDNANCE, GENERAL 870401//NOTHING FOLLOWS//

**14. HIGHEST EDUCATION LEVEL SUCCESSFULLY COMPLTED**
SECONDARY/HIGH SCHOOL  12 YRS (Gr 1-12)  COLLEGE  06 YRS

**15. DECORATIONS, MEDALS, BADGES, COMMENDATIONS, CITATIONS AND CAMPAIGN RIBBONS AWARDED THIS PERIOD** (State Awards may be included)

INF-SHLDR-CORD/MSM-3/ARCM-2/AAM/ ARMED-FCS-RES-MDL-3/ARMY-SVC-RBN/NTL-DEF-SVC-MDL/AR-COMP-ACHVMT-MDL-8/HUM-SVC-RBN/LM/ MA-SVC-MDL-GE/SEE ITEM 18

| 16. SERVICEMAN'S GROUP LIFE INSURANCE COV | 17. PERSONNEL SECURITY INVESTIGATION | |
|---|---|---|
| [X] YES  [ ] NO | a. TYPE | b. INVESTIGATION |
| AMT $ 200,000 | TOP SECRET | 950714 |

**18. REMARKS**

ACTIVE FEDERAL SERVICE 640115 TO 931118. SOLDIER WAS SEPARATED WITHOUT PERSONAL NOTICE DUE TO CONSTRUCTIVE NOTIFICATION BY THE OFFICE OF THE ADJUTANT GENERAL. NGB FORM 22 WAS MAILED TO THE SOLDIER'S LAST KNOWN ADDRESS AS SHOWN IN ITEM 19. ITEM 12 CONT'D : C&GS, CORR, 78/PERS MGT NG SUPV, 1 WK, FEB 74/ORD-OAC, CORR, OCT 74/SR OFF PREV LOG, 2WKS, MAR 64/. ITEM 13 CONT'D:  MA-MUC/MA-MDL-MERIT/MA -EMERG-SVC-RBN//NOTHING FOLLOWS//

| 19. MAILING ADDRESS AFTER SEPERATION *(Street, RFD, City, Country, State and Zip Code)* | 20. SIGNATURE OF PERSON BEING SEPARATED |
|---|---|
| 2 KALAMET FARMS ROAD SHREWSBURY MA 01545 | SOLDIER NOT AVAILABLE TO SIGN |

| 21. TYPED NAME, GRADE AND TITLE OF AUTHORIZING OFFICER | 22. SIGNATURE OF OFFICER AUTHORIZED TO SIGN |
|---|---|
| ANDREA M COUTURE, SFC, PERS MGT SUPV | *Andrea M. Couture* |

| 23. AUTHORITY AND REASON | |
|---|---|
| Para 5a (2) (a) NGR 635-100    Compl Max Yrs of Svc | Sep Code: ME |

| 24. CHARACTER OF SERVICE | 25. TYPE OF CERTIFICATE USED | 26. REENLISTMENT ELIGIBILITY |
|---|---|---|
| HONORABLE | NA | NA |

| 27. [ ] REQUEST | [ ] DECLINE COPIES OF MY NGB FORM 22 | INITIALS |
|---|---|---|

NGB FORM 22 1 NOV 96    (Replaces NGB Form 22, dated 1 FEB 83, which is obsolete)

*MPRJ COPY (3)*



# BASIC PAY—EFFECTIVE JANUARY 1, 2004 [1]

*Cumulative Years of Service*

| Pay Grade | 2 or less | Over 2 | Over 3 | Over 4 | Over 6 | Over 8 | Over 10 | Over 12 | Over 14 | Over 16 | Over 18 | Over 20 | Over 22 | Over 24 | Over 26 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| O-10 [2] | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 12524.70 | 12586.20 | 12847.80 | 13303.80 |
| O-9 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 10954.50 | 11112.30 | 11340.30 | 11738.40 |
| O-8 | 7751.10 | 8004.90 | 8173.20 | 8220.60 | 8430.30 | 8781.90 | 8863.60 | 9197.10 | 9292.80 | 9579.90 | 9995.90 | 10379.10 | 10635.30 | 10635.30 | 10635.30 |
| O-7 | 6440.70 | 6739.80 | 6878.40 | 6988.50 | 7187.40 | 7384.20 | 7611.90 | 7839.00 | 8066.70 | 8781.90 | 9386.10 | 9386.10 | 9386.10 | 9386.10 | 9433.50 |
| O-6 | 4773.60 | 5244.30 | 5588.40 | 5588.40 | 5609.70 | 5850.00 | 5882.10 | 5882.10 | 6216.30 | 6807.30 | 7154.10 | 7500.90 | 7698.30 | 7897.80 | 8285.40 |
| O-5 | 3979.50 | 4482.90 | 4793.40 | 4851.60 | 5044.80 | 5161.20 | 5415.90 | 5602.80 | 5844.00 | 6213.60 | 6389.70 | 6563.40 | 6760.80 | 6760.80 | 6760.80 |
| O-4 | 3433.50 | 3974.70 | 4239.90 | 4299.00 | 4545.30 | 4809.30 | 5137.80 | 5394.00 | 5571.60 | 5673.60 | 5733.00 | 5733.00 | 5733.00 | 5733.00 | 5733.00 |
| O-3 | 3018.90 | 3422.40 | 3693.90 | 4027.20 | 4220.10 | 4431.60 | 4568.70 | 4794.30 | 4911.30 | 4911.30 | 4911.30 | 4911.30 | 4911.30 | 4911.30 | 4911.30 |
| O-2 | 2608.20 | 2970.60 | 3421.50 | 3537.00 | 3609.90 | 3609.90 | 3609.90 | 3609.90 | 3609.90 | 3609.90 | 3609.90 | 3609.90 | 3609.90 | 3609.50 | 3609.50 |
| O-1 | 2264.40 | 2356.50 | 2848.50 | 2848.50 | 2848.50 | 2848.50 | 2848.50 | 2848.50 | 2848.50 | 2848.50 | 2848.50 | 2848.50 | 2848.50 | 2848.50 | 2848.50 |
| O-3E [3] | 0.00 | 0.00 | 0.00 | 4027.20 | 4220.10 | 4431.60 | 4568.70 | 4794.30 | 4984.20 | 5092.80 | 5241.30 | 5241.30 | 5241.30 | 5241.30 | 5241.30 |
| O-2E [3] | 0.00 | 0.00 | 0.00 | 3537.00 | 3609.90 | 3724.80 | 3918.60 | 4068.60 | 4180.20 | 4180.20 | 4180.20 | 4180.20 | 4180.20 | 4180.20 | 4180.20 |
| O-1E [3] | 0.00 | 0.00 | 0.00 | 2848.50 | 3042.30 | 3154.50 | 3269.40 | 3382.20 | 3537.00 | 3537.00 | 3537.00 | 3537.00 | 3537.00 | 3537.00 | 3537.00 |
| W-5 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 5360.70 | 5544.30 | 5728.80 | 5914.20 |
| W-4 | 3119.40 | 3355.80 | 3452.40 | 3547.20 | 3710.40 | 3871.50 | 4035.00 | 4194.30 | 4359.00 | 4617.30 | 4782.60 | 4944.30 | 5112.00 | 5277.00 | 5445.90 |
| W-3 | 2848.80 | 2967.90 | 3089.40 | 3129.30 | 3257.10 | 3403.20 | 3595.80 | 3786.30 | 3988.80 | 4140.60 | 4291.80 | 4356.90 | 4424.10 | 4570.20 | 4716.30 |
| W-2 | 2505.90 | 2649.00 | 2774.10 | 2865.30 | 2943.30 | 3157.80 | 3321.60 | 3443.40 | 3562.20 | 3643.80 | 3712.50 | 3843.00 | 3972.60 | 4103.70 | 4103.70 |
| W-1 | 2212.80 | 2394.00 | 2515.20 | 2593.50 | 2802.30 | 2928.30 | 3039.90 | 3164.70 | 3247.20 | 3321.90 | 3443.70 | 3535.80 | 3535.80 | 3535.80 | 3535.80 |
| E-9 [4] | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 3769.20 | 3854.70 | 3962.40 | 4089.30 | 4216.50 | 4421.10 | 4594.20 | 4776.60 | 5054.70 |
| E-8 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 3085.50 | 3222.00 | 3306.30 | 3407.70 | 3517.50 | 3715.50 | 3815.70 | 3986.40 | 4081.20 | 4314.30 |
| E-7 | 2145.00 | 2341.20 | 2430.60 | 2549.70 | 2642.10 | 2801.40 | 2891.10 | 2980.20 | 3139.80 | 3219.60 | 3295.50 | 3341.70 | 3498.00 | 3599.10 | 3855.00 |
| E-6 | 1855.50 | 2041.20 | 2131.20 | 2218.80 | 2310.00 | 2516.10 | 2596.20 | 2685.30 | 2763.30 | 2790.90 | 2809.80 | 2809.80 | 2809.80 | 2809.80 | 2809.80 |
| E-5 | 1700.10 | 1813.50 | 1901.10 | 1991.10 | 2130.60 | 2250.00 | 2339.70 | 2367.90 | 2367.90 | 2367.90 | 2367.90 | 2367.90 | 2367.90 | 2367.90 | 2367.90 |
| E-4 | 1558.20 | 1638.30 | 1726.80 | 1814.10 | 1891.50 | | | | | | | | | | |
| E-3 | 1407.00 | 1495.50 | 1585.50 | 1585.50 | 1585.50 | | | | | | | | | | |
| E-2 | 1337.70 | 1337.70 | 1337.70 | 1337.70 | 1337.70 | | | | | | | | | | |
| E-1 4 mos + | 1193.40 | 1193.40 | 1193.40 | 1193.40 | 1193.40 | | | | | | | | | | |
| E-1 -4 mos | 1104.00 | | | | | | | | | | | | | | |

NOTES:

1  While serving as JCS/Vice JCS, CNO, CMC, Army/Air Force CS, basic pay is $14,634.20 (See note 2).

2  Basic pay for an O-7 to O-10 is limited by Level III of the Executive Schedule which is $12,050.00.  Basic pay for O-6 and below is limited by Level V of the Executive Schedule which is $10,608.30

3  Applicable to O-1 to O-3 with at least 4 years & 1 day of active duty or 1460 points as a warrant and/or enlisted member. See DoDFMR for more detailed explanation on who is eligible for this special basic pay rate.

4  For the MCPO of the Navy, CMSgt of the AF, Sergeant Major of the Army or Marine Corps, basic pay is $6,090.00. Combat Zone Tax Exclusion for O-1 and above is based on this basic pay rate plus HFP/IDP which is $225.00.