UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

Case No. 03-40280-nmg

RAYMOND A. VEZINA, )
      Plaintiff )
)
vs. )
DEPARTMENT OF THE ARMY )
and THE SECRETARY OF THE ARMY )
      Defendants )

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND MOTION TO TRANSFER**

The Plaintiff, Raymond A. Vezina, hereby submits this memorandum in support of his Motion to Transfer and in opposition to the Defendants' Motion to Dismiss this case for lack of subject matter jurisdiction.

I. **Introduction**

The Plaintiff in this action seeks an Order instructing the Secretary of the Army to restore his name to the Senate General Officer Confirmation list, and, if said Order results in the promotion of the Plaintiff, retroactive pay from the date when the Plaintiff, pursuant to the terms of the Reserve Officer Personnel Management Act, 10 U.S.C. §14311, should have been promoted. Complaint ¶ 4.

The Defendants in this action have moved that the case be dismissed for lack of subject matter jurisdiction. Motion to Dismiss ¶ 1. In their Memorandum in support of said Motion to Dismiss, the Defendants have asserted that because this action involves a claim for back pay in excess of $10,000.00, exclusive jurisdiction in this matter therefore rests with the United States Federal Court of Claims via the limited waiver of sovereign immunity in The Tucker Act, 28 U.S.C. §1491. Defendant's Memorandum ¶ 5.

The Plaintiff concedes the point that exclusive subject matter jurisdiction as to the claim for monetary damages rests with the United States Federal Court of Claims. However, the Plaintiff does not concede that the Defendants' contention in Footnote 6 of their memorandum in support of their motion to dismiss that transfer of this case to said United States Court of Federal Claims is inappropriate because the statute of limitations has already run in this case. Defendants' motion ¶ 6. It is instead the contention of the Plaintiff that the cause of action in this case has accrued during each pay period subsequent to the Plaintiff's placement on the list for consideration for promotion during which he has not been compensated at the O-7 level, via the "continuing claims" doctrine discussed in Hopwell Band of Pomo Indians v. United States, 855 F.2d 1573, 1581 (Fed. Cir. 1988), and that the Defendants have therefore failed to make a sufficient showing that the case lacks merit to overcome the general presumption in favor of transferal. The Plaintiff contends in the alternative that the Plaintiff's cause of action is within the tolling of the commencement of the running of the statute (a tolling of the accrual) doctrine, also discussed in Hopwell Band.

## II.  Facts

On or about November 19, 1993 Raymond A. Vezina was appointed Adjutant General of the Massachusetts National Guard with the statutory grade of Major General by then Governor William F. Weld of Massachusetts. Complaint ¶ 2. On or about December of 1993 Raymond A. Vezina's name was placed on the Senate Confirmation list for promotion as a reserve General Officer of the United States Army and as General Officer of the Army National Guard of the United States. Complaint ¶ 2.

Subsequent to the placing of Raymond A. Vezina's name on the Senate Confirmation list an allegation was apparently made to the Department of the Army Office of the Inspector General that Raymond A. Vezina had engaged in various acts of wrongdoing, and on or about June, 1995, as a result of said allegations, Raymond A. Vezina's name was removed from the Senate Confirmation

list pending the outcome of the Department of the Army Inspector General's investigation. Complaint ¶ 2. No written notification of the removal and no written explanation detailing the allegations causing the removal from the Senate Confirmation list has been given to the Plaintiff. Complaint ¶ 2.

Upon learning of the removal of his name from the Senate Confirmation list by telephone on or about June, 1995, Raymond A. Vezina requested information concerning the removal of his name from the Senate Confirmation list and that his name be reinstated to the list. Complaint ¶ 2. Despite the requirement in ROPMA that a candidate's name be reinstated to the Senate Confirmation list within 18 months of removal, unless there is Court action, the Plaintiff's name has not been reinstated from that time to the filing of this action. Complaint ¶ 2. Plaintiff still does not no the reason for his name being removed from the Senate Confirmation list.

On July 23, 1999 Raymond A. Vezina applied to the Army Board for Correction of Military Records in an effort to have his name restored to the Senate Confirmation list. Complaint ¶ 3. The Army Board for Corrections of Military Records has failed to act pursuant to Raymond A. Vezina's application. Complaint ¶ 3. Raymond A. Vezina has exhausted all administrative remedies available to him to have his name returned to the Senate Confirmation list for promotion as a Reserve General Officer of the United States Army and as a General Officer of the Army National Guard of the United States. Complaint ¶ 3.

Over 7 years have elapsed since Raymond A. Vezina's name was removed from the Senate Confirmation list for promotion as a reserve General Officer of the United States Army and as a General Officer of the Army National Guard of the United States. Complaint ¶ 3. The difference between the base monthly compensation for the rank which the Plaintiff held as of his date of retirement (O-6), and the rank which the Plaintiff alleges he has been wrongfully denied (O-7) for an officer of more than 26 years of service is $1148.10. Defense Exhibit 2 (2004 Military Pay Table). The Plaintiff is therefore seeking, in addition to equitable relief, monetary damages for the

period of approximately 84 months prior to the filing of this action, which are well in excess of $10,000.00.

### III. Argument

The Tucker Act Confers Exclusive Jurisdiction to the Federal Court of Claims in non-tort actions against the United States for monetary damages in excess of $10,000.00. 28 U.S.C. §§ 1346, 1491; United States v. Testan, 424 U.S. 392, 398 (1976). A claim for back pay is a non-tort claim for monetary damages. Sibley v. Ball, 924 F.2d 25, 28 (1st Cir. 1991); Leveris v. England, 249 F. Supp. 2d 1 (D. Maine 2003). Due to inadvertence and mistake the Plaintiff filed this case in United States District Court, and is concurrently filing a Motion to Amend Complaint to conform with this exclusive jurisdiction in the Federal Court of Claims.

The transfer statute 28 U.S.C. §1631 allows transfer from the court where a case has been improperly filed to the court of proper jurisdiction in the interest of justice. While the Court does have discretion as to whether such a transfer is in fact in the interests of justice, the general presumption is in favor of transferal. Cruz-Aguillera v. INS, 245 F.3d 1070, 1074 (9th Cir. 2001). The Court, in deciding whether to transfer or dismiss a case, is required to consider the totality of the circumstances in its decision. Liriano v. United States, 95 F.3d 119, 122-123 (2nd Cir 1996). Analysis as to whether a claim has merit is part of the court's decision. Phillips v. Seiter, 173 F.3d 609, 610-611 (7th Cir. 1999); Britell v. United States, No.02-1944 (1st Cir. 2003).

The statute of limitations has not yet run in this case, as the suit is being brought under the 'continuing claim' doctrine discussed in Hopland Band of Pomo Indians v. United States, 855 F.2d 1573, 1581 (Fed. Cir. 1988) and Hatter v. United States, 203 F.3d 795, 797-98 (Fed. Cir. 2000) (en banc). The Plaintiff has never received official notice of denial per the terms of ROPMA. Complaint ¶ 2. Neither the Army nor the board of corrections has given any written notice of any kind, such as what the reason for the removal of the Plaintiff's name from the promotion list, nor

taken any action in this case. Complaint ¶ 2. However, the provisions of ROPMA are quite clear regarding the timing and notice requirements once an officer has been placed on the Senate General Officer Confirmation list. The Defendants have failed to comply with the procedural provisions of ROPMA by neither reinstating the Plaintiff, nor providing him with notice.

Because of this failure to abide by the mechanical timing and notice provisions of ROPMA, each subsequent pay period in which the Plaintiff has not been compensated at the O-7 level constitutes a fresh claim. Friedman v. United States, 159 Ct. Cl. 1, 310 F.2d 381, 384-385 (1962), cert. Denied; Lipp v. United States, 373 U.S. 932 (1963).

It is well established that the statute of limitations in a case of wrongful discharge begins running as of the date of discharge, and that an appeal to the Corrections Board does not toll said statute. Hurick v. Lehman, 782 F.2d 984, 986-987 (Fed. Cir. 1986). This situation is clearly distinguishable from Hurick, which concerned allegations of wrongful discharge, in that the discharge was a decision made at a fixed date, which was easily ascertainable by the plaintiff as being the date on which his cause of action first accrued for the purposes of 28 U.S.C. §2401. Hurick at 987. In the present case it is the failure of the Defendants to act at all, or provide notice as to their actions, that violate the terms of ROPMA.

In the alternative, the circumstances of this case are sufficient to trigger tolling the commencement of the running of the statute (a tolling of the accrual) as discussed in Hopland Band, in that the Defendants, in both failing to act and in failing to provide any notice of any kind, have been deliberately concealing material facts relevant to existence (and to the timing) of the Plaintiff's claim. See Hopland Band at 1581-1582, citing Welker v. United States, 752 F.2d 1577, 1580 (Fed. Cir. 1984) cert. denied, 474 U.S. 826 (1985). "A cause of action against the government accrues only when all the events which fix the government's alleged liability have occurred and the plaintiff was or should have been aware of their existence." Hopland Band at 1582. While the Plaintiff had actual knowledge that some possible claim might exist as early as 1995, he

nevertheless could not possibly have determined either the nature or the extent of his claims at that time, due to the Defendant's deliberate withholding of all notice and/or information. Plaintiff continues to try, currently through the Army Board for Corrections of Military Records, the reasons for the non-action of the Defendants to his promotion.

### IV. Conclusion

For all of the reasons above the Plaintiff requests this honorable court to transfer this case to the United States Federal Court of Claims.

>Raymond A. Vezina
>Plaintiff,
>By his Attorney,
>
>*Neil J Berman*
>Neil J Berman
>109 College Avenue
>Somerville, MA   02144
>(617) 628-1563
>BBO #566-784

5-3-04