UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| RAYMOND A. VEZINA,        )<br>                                                  )<br>        Plaintiff,                       )<br>                                                  )<br>        v.                                    )<br>                                                  )<br>DEPARTMENT OF THE ARMY and  )<br>THE SECRETARY OF THE ARMY, )<br>                                                  )<br>        Defendants.                   )<br>                                                  ) | Civil Action No.<br>03-40280-FDS |

MEMORANDUM AND ORDER

**SAYLOR, J.**

Plaintiff Raymond A. Vezina is a retired Adjutant General of the Army and Air National Guard of Massachusetts. His complaint alleges that his name was improperly removed in 1995 from the Senate Confirmation List for promotion as a reserve General Officer of the United States Army and as General Officer of the Army National Guard. Plaintiff seeks an order restoring his name to that list and, if thereafter promoted, awarding him retroactive pay.

Defendants the Department of the Army and the Secretary of the Army have moved, pursuant to Fed. R. Civ. P. 12(b)(1), to dismiss for lack of subject matter jurisdiction, contending that jurisdiction for such a claim lies exclusively with the United States Federal Court of Claims. Defendants further note that transfer of this matter to the Federal Court of Claims pursuant to 28 U.S.C. § 1631 would not be in the "interests of justice" because the six-year limitations period on plaintiff's claim under 28 U.S.C. § 2501 expired before the present case was filed.

Plaintiff, in his opposition to defendants' motion to dismiss, states that he "concedes the point that exclusive subject matter jurisdiction as to the claim for money damages rests with the United States Federal Court of Claims." Opposition at 2. Plaintiff has moved to amend the complaint to add appropriate jurisdictional allegations and to transfer the case to the Federal Court of Claims. Defendants have not opposed either motion. Plaintiff further contends that the limitations period has not expired because of the applicability of the "continuing claim" doctrine.

This Court does not have subject matter jurisdiction over this case, and transfer to the Federal Court of Claims is therefore appropriate under 28 U.S.C. § 1631 unless the "interests of justice" dictate otherwise. *See generally Britell v. United States*, 318 F.3d 70 (1st Cir. 2003). Although there is a presumption in favor of a transfer, the Court is required to "undertake [a] case-specific scrutiny to ferret out instances in which the administration of justice would be better served by dismissal." *Id.*, 318 F.3d at 74. The Court may consider, among other things, the possibility that the claim should be dismissed on statute of limitations grounds. *Id.*, 318 F.3d at 75; *Phillips v. Seiter*, 173 F.3d 609, 610-11 (7th Cir. 1999). Although the Court should conduct a "whole-record review," that review is nonetheless somewhat limited, as its principal purpose is to eliminate claims that are obviously without merit. *See Britell*, 318 F.3d at 75; *Phillips*, 173 F.3d at 11 (review is principally intended to ensure that the transferring court does not transfer a case that is a "sure loser" that would simply "waste the time" of the receiving court).

Vezina contends that the six-year statute of limitations does not bar his claim under the "continuing claim" doctrine, as set forth in *Hopland Band of Pomo Indians v. United States*, 855 F.2d 1573, 1581 (Fed. Cir. 1988), and *Hatter v. United States*, 203 F.3d 795, 797-98 (Fed. Cir. 2000). Vezina specifically contends that the doctrine applies in two respects: first, because a

new claim arose in every pay period for which he was compensated at a lower level, and second, because the defendants "have been deliberately concealing material facts relevant to [the] existence (and to the timing) of the Plaintiff's claim." Opposition at 5.

At this stage of the proceeding, no factual record has been submitted to the Court, and indeed the issue has not even been fully briefed.  Without expressing any opinion on the merits of plaintiff's claims, the Court believes that they would be best adjudicated in the context of a summary judgment motion or, conceivably, after a trial.  At the very least, there should be a full briefing on the merits of the issue in the context of a motion to dismiss.  Accordingly, the interests of justice dictate that this matter be transferred to the Federal Court of Claims for further proceedings pursuant to 28 U.S.C. § 1631.

Plaintiff's motions to amend the complaint and to transfer the case to the United States Court of Claims is GRANTED.  Defendants' motion to dismiss for lack of subject matter jurisdiction is DENIED as moot.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: December 2, 2004